## NORFOLK & DEDHAM MUTUAL FIRE INS. CO.

### v.

### Stiles M. GILMORE, IV.

#### No. 94–598–Appeal.

Supreme Court of Rhode Island.

Sept. 15, 1995.

Kevin Cotter, Richard VanTienhoven, Providence.

Brian Burns, Providence.

#### ORDER

This case came before the Supreme Court for oral argument on September 12, 1995, pursuant to an order that directed Norfolk & Dedham Mutual Fire Insurance Co., the plaintiff, to show cause why its appeal should not be summarily denied and dismissed. The plaintiff appeals from a Superior Court judgment in favor of the defendant, Stiles M. Gilmore IV.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel for the parties, we con-

clude that cause has not been shown, and the case will be decided at this time.

The defendant was injured in a car accident on June 2, 1990. Because his parents held an insurance policy with plaintiff, defendant sought uninsured/underinsured motorist benefits pursuant to that policy. In response, plaintiff filed a declaratory judgment petition seeking to prevent defendant's recovery on the grounds that because defendant was not a resident of his parent's household, he was not an insured as defined within the meaning of the policy.

After his marriage, defendant and his wife lived with his parents as they built their home nearby. Although a certificate of occupancy had been issued for the new house on May 31, 1994, defendant testified that the house required cleaning and more furnishings and food before the couple would move in permanently a week to 10 days after June 2, 1990.

The trial justice found the defendant's testimony to be credible and determined that he was entitled to coverage under the policy. We are of the opinion that the findings of fact by the trial justice were not clearly wrong when she concluded that defendant still resided at his parents' home at the time of the accident and that he intended to return there until his new home was ready.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court. The papers in the case may be returned to the Superior Court.